COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Charlottesville, Virginia


CHARLESTON ALEXANDER MUTZ

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0623-96-3      CHIEF JUDGE NORMAN K. MOON
                                      JANUARY 21, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     Richard S. Miller, Judge

          Sidney H. Kirstein for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.



     Charleston Alexander Mutz claims that the circuit court was

without authority to revoke his probation because the court's

September 15, 1995 order of record at the time of the violation

stated that he was not on probation.  Because the trial court

entered a nunc pro tunc order correcting the recorded order, Mutz

was on probation at all times after the order.  Although Mutz was

not given notice of entry of the nunc pro tunc order, he was not

prejudiced because he was allowed to contest its validity before

his probation was revoked.  The Commonwealth should have given

notice to Mutz of its request for entry of the nunc pro tunc

order.  However, the failure to give notice was cured in the

March 8, 1996 hearing, when the court granted Mutz the

opportunity to challenge entry of the nunc pro nunc order.

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Consequently, we hold that the <u>nunc</u> <u>pro</u> <u>tunc</u> order entered by the trial judge on December 29, 1995 corrected the omission or defect in the September 15 order so as to make it reflect the actual resolution of the hearing and in effect during the time of the violation. Accordingly, we find that the court had jurisdiction to revoke Mutz's probation.

On March 21, 1995, the Circuit Court of the City of Lynchburg convicted Mutz of possession of cocaine and sentenced him to three years with all but sixty days suspended. Mutz was placed on probation for eighteen months following his release from prison. Mutz served his sixty days, but on September 15, 1995, the circuit court found Mutz had violated the terms of his probation and sentenced him to time served (sixty days). The published order stated "the Court hereby sentences the defendant to the time he has served since July 26, 1995 to the present, and the placing of the defendant on probation is hereby revoked."

Subsequently, Mutz's probation officer, Jeffrey Mosher, who was present at the hearing on September 15, met with Mutz on October 4. Mosher included in his notes from the hearing that Mutz was to remain on probation and he met with Mutz on the 4th of October to make sure that Mutz understood the terms of his probation. After the meeting Mosher contacted Mutz twice in November, each time instructing Mutz to "personally respond to the [probation] office." Mutz did not comply with these instructions.

Mosher testified that on December 20, because some confusion

had arisen as to appellant's probation status, he wrote to Mutz informing him that he was no longer on probation. On December 22, 1995, the Commonwealth's Attorney, by letter, requested the trial court enter a nunc pro tunc order to correct the September 15, 1995 order which was contrary to the intent of the court. The court acknowledged the defect in the September 15 order and ordered Mutz's continued probation stating: "[t]he following order which should have been entered September 15, 1995, but was omitted through inadvertence, is hereby entered nunc pro tunc." Mutz did not receive notice of the entry or presentation of the order. Mutz's probation officer, Mosher, attempted to make Mutz aware of the order but was unsuccessful given Mutz's relocation and failure to properly inform Mosher of Mutz's new address.

On February 7, 1996, Mosher petitioned the trial court to revoke Mutz's probation on the grounds that Mutz had failed to make regular visits with Mosher since October 4, 1995. On March 8, 1996, Mutz appeared before the trial court to respond to the charges of probation violation. At that time, Mutz, by counsel, admitted his failure to maintain contact with Mosher, but argued that he was not "legally on probation" because of the wording of the September 15, 1995 order and because he had not received notice of the nunc pro tunc order. The Commonwealth argued that Mutz, as evidenced by his meeting with Mosher on October 4th, understood that he was still on probation and that his subsequent violations had occurred before Mosher had sent the letter informing him that he was not on probation and that in any event,

because Mutz had absconded, he could not be notified.  The trial court agreed with the Commonwealth and found Mutz was still on probation and found him guilty of violating the terms of the suspended sentence and probation.  Accordingly, the trial court sentenced Mutz to serve the entire balance of his three year suspended sentence.

A nunc pro tunc order is properly used to "correct mistakes of the clerk or other court officials or to correct defects or omissions in the record so as to make the record show what actually took place."  See Council v. Commonwealth, 198 Va. 288, 293, 94 S.E.2d 245, 248 (1956).  The record indicates that it was not the trial court's decision to take Mutz off probation.  The published order itself stated that the trial court found Mutz had violated the terms of his probation: "[w]hereupon after taking into consideration all of the evidence and the argument of counsel, the Court doth find that he [Mutz] has violated the terms of the suspended sentence and probation as to failure to report new arrests to his probation officer."  Having found Mutz guilty of violating the terms of his probation, it follows that the court's intent was to punish, not reward Mutz.  Taking defendant off probation is contrary on its face to the court's finding of guilt.  Therefore, the trial court's finding that the September 15, 1995 order was in error because of clerical mistakes is supported by the evidence.

The record also makes clear that both Mutz and his probation officer understood the result of the hearing to be that Mutz

would receive time served and then would continue on probation. There can be no doubt that Mutz had this understanding as he met with Mosher on October 4, 1995 for the explicit purpose of having the terms of his probation explained to him. Subsequently, but before Mosher's letter of December 20, 1995 informing Mutz that he was not on probation, Mutz violated the terms of his probation. Thus, by the time Mosher had written to Mutz, appellant had already committed the violations of his probation and did so during a period in which he understood that he was on probation.

When the court was made aware that the September 15, 1995 order misstated the court's decision, the omission or mistake was corrected by the trial court's December 29, 1995 order. This order properly served to correct the defect in the September 15 order by amending it to reflect what actually occurred at the September 15 hearing.

Failure to provide Mutz notice of the Commonwealth's request for entry of a nunc pro tunc order did constitute error. Such procedural safeguards are required in order to ensure that all parties are heard with regard to a challenge of the accuracy of the record. However, the error was cured during the March 8, 1996 hearing at which Mutz appeared to challenge probation violation charges. Prior to being punished under the terms of the amended record, Mutz, by counsel, was provided the opportunity during the March 8 hearing, to argue that the original September 15 order was correct and that the nunc pro

tunc order should not have been entered.  Mutz did not present any evidence asserting that the court's original order was correct or that the nunc pro tunc order was erroneously entered.  Instead Mutz argued that because the court's September 15, 1995 order stated he was off probation, he was not "legally" on probation when the violation occurred.

The error of not giving notice was cured by the court giving Mutz the opportunity to challenge the validity of the nunc pro tunc order at the violation hearing.  Mutz failed to present any evidence suggesting that the nunc pro tunc order did not accurately correct the court's order so as to make it reflect the actual resolution at trial.  The court could have entered a nunc pro tunc order immediately before the violation hearing, and it would have been effective retroactively to September 15, 1995. Accordingly, we find that evidence supports the court's finding that Mutz was on probation and understood at the time of his violations that he was on probation.

Affirmed.